IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,           ORDER

    v.           13-cr-20-wmc-1

JOHN LANGE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of John Lange's supervised release was held on March 7, 2013, before U. S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. The defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the District of Wyoming on January 7, 2011, following his conviction for possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a ten-year term of supervised release to follow. On October 22, 2012, defendant began his term of supervised release. On February 14, 2013, jurisdiction was transferred to the Western District of Wisconsin.

Defendant violated Standard Condition No. 3 requiring him to answer truthfully all inquires by the probation officer when, on January 24 and February 21, 2013, he denied having any contact with children under the age of 18. Defendant also violated Standard Condition No. 9, prohibiting him from associating with children under the age of 18 (except in the presence of a responsible adult who is aware of the nature of his background and current offense and who has been approved by the probation officer), when he had unapproved contact with two minor children.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, Section 7B1.3(a)(2) of the advisory guidelines provides that the Court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations are serious. However, after reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have decided to continue defendant's term of supervised release with additional special conditions. The intent of these modifications is to hold defendant accountable for his violations, promote investment in treatment, protect the community, and provide general and specific deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 7, 2011, is continued with the addition of the following special conditions:

Special Condition No. 12: Defendant shall be required to participate in an Abel Screen at his own expense.

Special Condition No. 13: Defendant shall be required to pay for half of all other mental health and sex offender treatment services, not limited to counseling and polygraph testing.

Entered this 7th day of March 2013.

BY THE COURT:

WILLIAM M. CONLEY
U.S. District Judge